IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL UNION OF )
OPERATING ENGINEERS, LOCAL )
150, AFL-CIO, )
 )
      Plaintiff, )
 )
  v. ) No. 11 C 2543
 )
J. PEASE, INC., )
 )
      Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant J. Pease, Inc.'s (Pease) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

In May 2008, Pease and Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO (Union), allegedly executed a Memorandum of Agreement, adopting a collective bargaining agreement (Master Agreement). Pursuant to the Master Agreement, Union filed two grievances against Pease. The grievances proceeded to arbitration and the arbitrator (Arbitrator) issued an arbitration award

1

(Arbitration Award), dismissing the grievances. Union brought the instant action, and includes in its complaint a claim brought under 9 U.S.C. § 10(a)(4) of the Federal Arbitration Act (FAA) and 710 ILCS 5/12 of the Illinois Uniform Arbitration Act (UAA) to vacate the Arbitration Award for reliance on external documents (Count I), a claim brought under the FAA and UAA to vacate the Arbitration Award as procured by fraud (Count II), and a claim brought under the FAA and UAA to vacate the Arbitration Award as contrary to public policy (Count III). Pease moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that

contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

Pease argues that Union has failed to state a valid claim for relief in regard to any Count. The FAA provides the following:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. The judicial review of arbitration awards "is extremely limited, and the merits of the arbitrator's decision will not be reviewed." *Prate Installations, Inc. v. Chicago Regional Council of Carpenters*, 607 F.3d 467, 470-71 (7th Cir. 2010). A court cannot review an arbitration award merely to assess whether the "arbitrator[] made a mistake. . . ." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 269 (7th Cir. 2006). Rather the court can only review an arbitration award to assess whether the

arbitrator "violated the agreement to arbitrate, as by corruption, evident partiality," or whether the arbitrator "exceed[ed] [his] powers," such as engaging in "conduct to which the parties did not consent when they included an arbitration clause in their contract." *Id.* A court is required to "uphold an arbitrator's decision as long as it draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union, Local 39*, 443 F.3d 556, 561 (7th Cir. 2006)(internal quotations omitted)(quoting *United Paperworkers Int'l Union et al. v. Misco, Inc.*, 484 U.S. 29, 36 (1987)).

I. Consideration of External Documents (Count I)

Pease contends that Union has failed to state a valid claim for relief regarding the Arbitrator's alleged improper consideration of external documents. Union argues that the Arbitrator made a reference in the Arbitration Award to a "Teamster contract," (AW 12), and thus considered materials outside of the scope of the Master Agreement and did not rule based on the Master Agreement. However, the Arbitration Award reflects that the Arbitrator merely considered outside materials to engage in the proper interpretation of the terms of the Master Agreement. For example, the Arbitrator indicated in the Arbitration Award that the term "batch

plant" was ambiguous. (AW 12). An arbitrator can properly consider outside documents for such interpretation of the terms of the agreement at issue in the arbitration. *See Johnson Controls, Inc. Systems & Services Div. v. United Ass'n of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry of U.S. and Canada, AFL-CIO*, 39 F.3d 821, 824 (7th Cir. 1994)(indicating that an arbitrator can properly consider "the surrounding circumstances to determine" the meaning of a term and can consider the language in the agreement in question, "its context, and any other indicia of the parties' intention")(internal quotations omitted). In the instant action, the record reflects that the Arbitrator properly considered evidence outside of the Master Agreement to interpret the terms of that agreement. Plaintiffs have not alleged facts to plausibly suggest otherwise.

The Seventh Circuit has made clear that "[a]s long as the arbitrator's award is based on his interpretation of the contract, a court cannot disturb it" and that "[a]lthough an arbitrator exceeds his authority if his award does not draw its essence from the collective bargaining agreement," a court should be "hesitant to upset the award on such grounds" and should "resolve reasonable doubts concerning the arbitrator's analysis in favor of enforcing the award." *Id.* The record shows that the Arbitrator did not base his decision merely on the materials outside of the Master Agreement. The Arbitration Award clearly indicates that it is premised on the terms

of the Master Agreement. Plaintiffs have not alleged facts to plausibly suggest that the Arbitrator's decision was not drawn from the essence of the Master Agreement. The mere fact that the Arbitrator referenced another agreement does not plausibly suggest that the Arbitrator improperly relied on external documents or that the Arbitrator's decision was not drawn from the essence of the Master Agreement. The United States Supreme Court has made clear that "the courts have no business overruling [an arbitrator] because their interpretation of the contract is different from his." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599 (1960). Thus, this court cannot review the Arbitrator's interpretation of the terms of the Master Agreement or the evidence he considered in making such an interpretation. Therefore, Union has not stated a valid claim for relief in Count I.

II. Procurement by Fraud (Count II)

Pease argues that Union has failed to state a valid claim for relief premised on procurement of the Arbitration Award by fraud. As indicated above, the FAA provides that a party may seek the vacation of an arbitration award "where the award was procured by corruption, fraud, or undue means. . . ." 9 U.S.C. § 10. Union contends that Jack Pease gave false testimony at a hearing before the Arbitrator and that the Arbitration Award is premised on perjury and fraud. However, Union fails

6

to provide any specific facts plausibly suggesting that any testimony given by Jack Pease was false or that he committed perjury. Union only generally alleges that "Pease provided false testimony which was material to the issue in the arbitration" and gave "perjured testimony." (Compl. Par. 9-10). Such generalized allegations do not provide Pease with sufficient facts to place it on notice of the basis of the claims brought against Pease. Union attempts to offer additional information in response to the instant motion, but Union cannot re-plead its complaint and provide additional allegations in response to a motion to dismiss.

There are also not facts included in the complaint that plausibly suggest that the alleged fraud could not have been discovered earlier and that Union complied with the due diligence requirement of the FAA. *See, e.g., Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310, 313 (7th Cir. 1981)(stating that "even in those few cases involving nondisclosure of evidence or perjury, courts have recognized the applicability of the due diligence requirement"); *Environmental Barrier Co., LLC v. Slurry Systems, Inc.*, 540 F.3d 598, 608 (7th Cir. 2008)(explaining due diligence requirement). Finally, there is no indication that the Arbitrator placed any significant weight on Jack Pease's testimony. The Arbitrator indicated that he considered all the evidence and testimony and Union, in arguing that Jack Pease provided perjured testimony, is merely attempting to second-guess the Arbitrator's credibility

7

determinations, which is not a valid basis for the vacation of an arbitration award. *See, e.g, Eljer Mfg., Inc. v. Kowin Development Corp.*, 14 F.3d 1250, 1255 (7th Cir. 1994). Therefore, Union has not stated a valid claim for relief in Count II.

III. Public Policy (Count III)

Pease argues that Union has not stated a valid claim for relief based on a violation of public policy. Union argues that the Arbitration Award should be vacated based on public policy against perjury. (Compl. Par. 10). As indicated above, in regard to Count II, there are not sufficient allegations in the complaint regarding the alleged perjury. In addition, the Seventh Circuit has made clear that "[j]udicial review of arbitration awards is extremely limited," *Prate*, 607 F.3d at 470, and that "the grounds for challenging an arbitration award are narrowly limited. . . ." *IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 649 (7th Cir. 2001). Union cites no controlling precedent holding that an arbitration award can be vacated based merely on generalized statements as to violation of public policy. To allow the vacation of an arbitration award based on such a broad and abstract basis as public policy would be contrary to the Seventh Circuit's admonition that judicial review of arbitration awards is to be extremely limited. Therefore, Union has not stated a valid claim for relief in Count III.

The instant action is an attempt by Union to second-guess the Arbitrator's decision, which is prohibited. *See, e.g., Enterprise Wheel & Car Corp.*, 363 U.S. at 599. The Seventh Circuit has explained that when "parties agree to arbitrate their disputes they opt out of the court system" and that the courts should intervene in such arbitration only in limited instances. *Wise*, 450 F.3d at 269. Union has not shown that the Arbitrator relied upon any improper evidence or took any improper actions in rendering the Arbitration Award. Nor has Union presented any allegations to plausibly suggest a valid basis to challenge the Arbitration Award in this court. Therefore, the motion to dismiss is granted in its entirety.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 8, 2011

9